**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRAVELOCITY.COM L.P.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED RESERVATION** | § | **Civil Action No. 3:13-cv-1656** |
| **SERVICES, LLC,** | § | |
| **FRENKIL CONSULTANTS, INC.,** | § | |
| **SAMUEL M. FRENKIL, JUDITH** | § | |
| **FRENKIL, and MATTHEW L.** | § | |
| **FRENKIL,** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Travelocity.com L.P. ("Travelocity") files this Original Complaint against United Reservation Services, LLC ("URS"), Frenkil Consultants, Inc. ("Frenkil Consultants"), Samuel M. Frenkil, Judith Frenkil, and Matthew L. Frenkil (collectively, the "Frenkils") (all collectively, "Defendants"), and respectfully shows the Court as follows:

### I.      NATURE OF ACTION

1.      This is an action by Travelocity to enjoin the misuse of its registered trademarks and to recover damages for unlawful conduct committed by the Defendants. Defendants are mailing postcards which purport to be from or endorsed by Travelocity. Instead, these mailings are for defendants' travel reservation business and make false promises of Travelocity gift cards.

## II.     THE PARTIES

2.      Travelocity.com L.P. is a Delaware limited partnership with its principal place of business at 3150 Sabre Drive, Southlake, Texas 76092.

3.      United Reservation Services, LLC is a Texas limited liability company with its principal place of business at 300 Legacy Drive, Apartment 1534, Plano, Texas 75023.

4.      Frenkil Consultants, Inc. is a Texas corporation with its principal place of business at 2313 Scenic Drive, Plano, Texas 75025.   Frenkil Consultants is the Managing Member of URS.

5.      Samuel Frenkil is a Texas citizen and individual residing at 2313 Scenic Drive, Plano, Texas 75025.   Samuel Frenkil is married to Judith Frenkil and father of Matthew L. Frenkil.  Samuel Frenkil is the organizer of URS.  Samuel Frenkil is a director, the President and the registered agent of Frenkil Consultants.

6.      Judith Frenkil is a Texas citizen and individual residing at 2313 Scenic Drive, Plano, Texas 75025.   Judith Frenkil is married to Samuel Frenkil and mother of Matthew L. Frenkil.  Judith Frenkil is a director and the Secretary of Frenkil Consultants.

7.      Matthew L. Frenkil is a Texas citizen and individual residing at 300 Legacy Drive, Apartment 1534, Plano, Texas 75023.  He is the son of Samuel and Judith Frenkil and is the registered agent of URS.

## III.     JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Travelocity's claims arise under 15 U.S.C. §§ 1114, 1116, 1117, and 1125 of the Lanham Act.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over URS and Frenkil Consultants because they are Texas entities with their principal places of business in Texas.  This Court has personal jurisdiction over Samuel M. Frenkil, Judith Frenkil, and Matthew L. Frenkil because they are Texas citizens who reside in Texas.

10.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because Defendants do business in this district.

## IV.      FACTS APPLICABLE TO ALL COUNTS

11.      Travelocity is the owner of the mark TRAVELOCITY as well as the owner of the following valid and enforceable United States federal trademark registrations:  TRAVELOCITY (U.S. Reg. No. 2,254,700) (referred to as the "Travelocity Word Mark"), TRAVELOCITY (U.S. Reg. No. 2,466,132), TRAVELOCITY PARTNER NETWORK (U.S. Reg. No. 2,987,848) and TRAVELOCITY BUSINESS (U.S. Reg. No. 3,159,355) (hereinafter collectively referred to as the "Travelocity Marks".)  Copies of the registration certificates and current status information are attached collectively at Exhibit A.

12.      Travelocity has used and actively promoted the mark and trade name TRAVELOCITY since at least as early as 1996.

13.      Due to Travelocity's use and promotion of the Travelocity Marks, the word mark TRAVELOCITY has become famous and is associated in the minds of the consuming public with Travelocity alone.

14.     Travelocity is the owner of the valid enforceable United States federal trademark registration (U.S. Reg. No. 3,146,246) for the following design mark:



(hereinafter referred to as the "Three Star Design Mark.").  A copy of the registration certificate and current status information is attached at Exhibit B.

15.     Travelocity has used and actively promoted the Three Star Design Mark since at least as early as 2004.

16.     Due to Travelocity's use and promotion of the Three Star Design Mark, it has become famous and is associated in the minds of the consuming public with Travelocity alone.

17.     Travelocity uses the Travelocity Marks and the Three Star Design Mark on travel information services, travel agency services and related goods and services.

18.     Defendant URS is a travel club that charges fees for membership and assists its "members" with travel services.

19.     On information and belief, Defendants Frenkil Consultants, Samuel Frenkil, Judith Frenkil, and Matthew Frenkil (individually or in concert) control and direct the actions of URS.

20.     URS solicits clients via direct mailings.

21.     The URS mailings ("the Mailing" or "the Mailings") are comprised of a double-sided postcard with photo(s) and text on one side and text on the alternate side.  Attached hereto and collectively marked as Exhibit C are redacted copies of the Mailing received by numerous individuals.

22.    The Mailings include the Travelocity Word Mark as well as the Travelocity logo and design mark and the Three Star Design Mark.  They further include use of the Travelocity Word Mark and the Three Star Design Mark, all prominently placed and set apart from the other text on at least one side of the postcards.

23.    In the text of the Mailings, recipients are informed that they will receive 2 roundtrip tickets, a 3-day/2-night hotel stay, a 3-day car rental, plus a "Travelocity Hotel Cash Gift Card" if they call a toll-free number.  *See* Exhibit C.

24.    Travelocity has not sent, endorsed nor sponsored the Mailings or the services offered therein.

25.    Consumers have contacted Travelocity expressing their belief that the Mailings and/or the services offered therein are from Travelocity, originate with Travelocity or are otherwise endorsed or sponsored by Travelocity.

26.    Consumers have contacted Travelocity to request that Travelocity cease contacting them via the Mailing despite the fact Travelocity is not the source of the Mailing.

27.    When a recipient calls the toll-free number on the Mailing—to receive the items offered, including the "Travelocity Hotel Cash Card"—they are put in contact with a customer service agent who offers to sign them up to attend a session with URS.

28.    At these sessions, URS markets and offers for sale its own "travel club services."

29.    On information and belief, at least some recipients who attended the session did not receive a Travelocity gift card.

30.    At the time Defendants sent the Mailing, they were aware of Travelocity's trademarks and the federal registrations thereof and willfully intended to trade on Travelocity's reputation and to cause confusion between Travelocity and Defendants.

31.     Travelocity informed URS and Frenkil Consultants that Travelocity owned the Travelocity Marks, that the Travelocity Marks are famous and that the use of the Travelocity Marks on the Mailings had caused actual consumer confusion and infringed Travelocity's intellectual property rights.  *See* Exhibit D.

32.     Defendants' activities are likely to cause confusion, mistake or deception among the public and are likely to lead (and have led) the public to erroneously conclude that the goods and services offered by Defendant originate with, and/or are sponsored by, and/or authorized by Travelocity—all to the damage and harm of Travelocity and the public.

33.     Defendants' activities are likely to and have caused irreparable injury to Travelocity's goodwill and reputation.

34.     Defendants' continued activities cause dilution of the quality of the famous Travelocity Marks, including the famous Three Star Design Mark and will cause further irreparable harm to Travelocity, its business reputation, and goodwill for which Travelocity has no adequate remedy at law.

## V.     CAUSES OF ACTION

**COUNT ONE:  Trademark Infringement under 15 U.S.C. § 1114**

35.     Travelocity repeats and re-alleges the allegations above as if fully set forth herein.

36.     The services on which Defendants use Travelocity Marks and the Three Star Design Mark are identical and/or substantially similar to the services offered by Travelocity.

37.     The foregoing acts of Defendants have caused and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Travelocity, or as to the origin, sponsorship or approval of Defendants' goods and services by Travelocity.

38.     The foregoing acts of Defendants constitute infringement of the Travelocity Marks and the Three Star Design Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 as represented in U.S. Federal Registration No. 2,254,700; No. 2,466,132; No. 2,987,848; No. 3,159,355 and No. 3,146,246.

39.     Travelocity has suffered and will continue to suffer irreparable harm as a result of such infringement of its marks.

40.     Travelocity is entitled to monetary damages for Defendants' infringement.

41.     Defendants have willfully infringed the Travelocity Marks, and the intentional nature of Defendants' actions make this case exceptional under 15 U.S.C. § 1117(a).

42.     Travelocity has been, is now, and will be irreparably harmed by Defendants' infringement and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendants will continue to infringe the Travelocity Marks and the Three Star Design Mark.

**COUNT TWO:    False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a)**

43.     Travelocity repeats and re-alleges the allegations above as if fully set forth herein.

44.     The foregoing acts of Defendants have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Travelocity, or as to the origin, sponsorship or approval of Defendants' goods and services by Travelocity.

45.     The foregoing acts of Defendants constitute false designation of origin which is likely to cause confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     The intentional nature of Defendants' actions entitles Travelocity to recover profits, damages and costs and attorney's fees under 15 U.S.C. § 1117(a).

47.     Travelocity has suffered and will continue to suffer irreparable harm as a result of such false designation of origin by Defendants and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendants will continue to suggest that its services are in some manner connected with, sponsored by, affiliated with, related to, or approved by Travelocity.

**COUNT THREE:  Dilution under 15 U.S.C. § 1125(c)**

48.     Travelocity repeats and re-alleges the allegations above as if fully set forth herein.

49.     The foregoing acts of Defendants have and are likely to dilute the Travelocity Marks and the Three Star Design Mark.

50.     The foregoing acts of Defendants constitute a dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.     The intentional nature of Defendants' actions entitles Travelocity to recover profits, damages and costs and attorney's fees under 15 U.S.C. § 1117(a).

52.     Travelocity has suffered and will continue to suffer dilution of the Travelocity Marks and the Three Star Design Mark as a result of such actions by Defendants and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendants will continue to dilute the Travelocity Marks and the Three Star Design Mark.

**COUNT FOUR:  Common Law Trademark Infringement and Unfair Competition**

53.     Travelocity repeats and re-alleges the allegations above as if fully set forth herein.

54.     As a result of Travelocity's extensive use and promotion of the Travelocity Marks and the Three Star Design Mark, such marks enjoy considerable goodwill, widespread recognition, and secondary meaning in commerce and have become associated with a single source of origin.

55.     The foregoing acts of Defendants have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Travelocity, or as to the origin, sponsorship or approval of Defendants' goods and services by Travelocity.

56.     Defendants have been unjustly enriched by virtue of their unauthorized use of the Travelocity Marks.

57.     Travelocity is entitled to monetary damages for such infringement in an amount to be proved at trial.

58.     The foregoing acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

59.     Travelocity has suffered and will continue to suffer irreparable harm as a result of such trademark infringement and unfair competition.

**COUNT FIVE:  Injury to Business Reputation and Trademark**

60.     Travelocity repeats and re-alleges the allegations above as if fully set forth herein.

61.     This cause of action arises under Texas Business & Commerce Code § 16.29.

62.     Defendants' use of the Travelocity Marks and the Three Star Design Mark on competing services over which Travelocity has no control or direction is likely to injure the business reputation of Travelocity.

63.     Defendants have deprived Travelocity of the ability to maintain its business reputation and it will continue to do so unless enjoined by this Court pursuant to its statutory authority.  Accordingly, Travelocity seeks a permanent injunction.

## VI.    APPLICATION FOR INJUNCTIVE RELIEF

64.    As set forth above, Defendants' actions in violation of the Lanham Act and Texas law have caused, and are continuing to cause, substantial and irreparable damage to Travelocity for which there is no adequate remedy at law.  Travelocity is, therefore, entitled to an injunction preventing Defendants' continuing infringement, including an injunction against Defendants' continued use of Travelocity's federally registered and incontestable trademarks, including the Travelocity Marks and the Three Star Design Mark.  Defendants have improperly used and will continue to improperly use the Travelocity Marks and the Three Star Design Mark unless this Court prevents them from doing so.  Unless enjoined, Defendants will continue to illegally use Travelocity's protected marks, and Travelocity will continue to lose control over its own reputation and goodwill, and the public and consumers likely will continue to be confused, misled, and deceived by the fact that Defendants offer competing or related services under Travelocity Marks and the Three Star Design Mark.

65.    Travelocity requests that Defendants, their employees, representatives, agents, members, and others acting in concert with them be permanently enjoined from: (1) advertising, marketing, selling, or rendering any product or service or otherwise using or continuing to use the name or term "Travelocity," the Travelocity Marks, the Three Star Design Mark or any other mark, designation, word or name confusingly similar to or including those marks in any way, including, but not limited to, mailings; (2) expressly or implicitly representing to any other person or entity that Defendants or their products and services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Travelocity, and (3) offering as a promotional gift a Travelocity gift card.

## VII.    PRAYER FOR RELIEF

Travelocity respectfully requests a judgment:

A.      That the Defendants, their officers, members, managers, affiliates, agents, employees, servants, representatives, and all persons acting under or in concert with them, be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from: (1) advertising, marketing, selling, or rendering any product or service or otherwise using or continuing to use the name or term "Travelocity," the Travelocity Marks, the Three Star Design Mark or any other mark, designation, word or name confusingly similar to or including those marks in any way, including, but not limited to, mailings; (2) expressly or implicitly representing to any other person or entity that Defendants or their products and services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Travelocity, and (3) offering as a promotional gift a Travelocity gift card.

B.      That the Defendants, their officers, members, managers, affiliates, agents, employees, servants, representatives, and all persons acting under or in concert with them, be required to deliver up for destruction all advertisements, brochures, reports, catalogs, labels and other business and promotional materials that bear the Travelocity Marks, the Three Star Design Mark or any other mark, word or name confusingly similar to or including those marks;

C.      That the Defendants be enjoined from using the Travelocity Marks and the Three Star Design Mark in the ordinary course of business;

D.      That the Defendants be required to account for and pay to Travelocity all profits and benefits they derived as a result of the activities complained of herein;

E.      That the Defendants be required to pay to Travelocity actual, consequential and compensatory damages sustained as a result of the activities complained of herein;

F.      That the Defendants be required to pay increased damages due to their willful infringement;

G.      That the Defendants be required to pay pre-judgment and post-judgment interest at the highest rates allowed by law;

H.      The Defendants be required to pay costs and attorney fees; and

I.      For such other and further relief as this Court deems just and proper.


Respectfully submitted,


*/s/ Jamil N. Alibhai*
Jamil N. Alibhai
Texas State Bar No. 00793248
jalibhai@munckwilson.com
Kelly P. Chen
Texas State Bar No. 24062664
kchen@munckwilson.com
Sarah J. Lopano
Texas State Bar No. 24079914
slopano@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone:  972.628.3600
Telecopier:  972.628.3616

**ATTORNEYS FOR TRAVELOCITY.COM LP**